UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| TERRY A. GUINN, | : | Case No. 1:06-cv-757 |
| | : | |
| Plaintiff, | : | Spiegel, J. |
| vs. | : | Black, M.J. |
| | : | |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND SUPPORTED BY SUBSTANTIAL EVIDENCE, AND AFFIRMED; AND (2) THIS CASE BE CLOSED**

This is a Social Security disability benefits appeal. At issue is whether the administrative law judge ("ALJ") erred in finding plaintiff was "not disabled" and, therefore, unentitled to a period of disability and disability income benefits. (*See* Administrative Transcript ("Tr.") 13-20) (ALJ's decision).)

I.

Plaintiff filed an application for disability insurance benefits on January 24, 2002 alleging a disability onset date of December 7, 2001, due to a combination of physical and mental impairments. (*See* Tr. 51-70.)

Upon denial of his claims on the state agency level, he requested a hearing *de novo* before an ALJ. A hearing was held on March 10, 2004, at which Plaintiff appeared with

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

counsel and testified. (*See* Tr. 303-43.) A vocational expert, Ms. Janet Rogers, was also present and testified. (Tr. 340-42.)

On June 25, 2004, the ALJ entered his decision finding Plaintiff not disabled. That decision became Defendant's final determination upon denial of review by the Appeals Council on September 15, 2006. (Tr. 6-9.)

The ALJ's "Findings" – which represent the rationale of his decision – were as follows:

1. The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through the date of this decision.

2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3. The claimant's bowel problems and adjustment disorder with depressed and anxious mood are severe impairments.

4. These medically determinable severe impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5. The claimant's allegations regarding his limitations are not fully credible.

6. The claimant has a residual functional capacity for a full range of work with the limitations set out in the body of the decision and in Exhibit 11E.

7. The claimant is unable to perform any of his past relevant work.

8. The claimant is a "younger individual between the age of 45 and 49", who has a limited education.

> 9. The claimant's limitations do not prevent him from making a successful adjustment to work that exists in significant numbers in the economy. A finding of "not disabled" is therefore reached within the framework of Medical-Vocational Rules 201.19 and 202.18.
>
> 10. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR § 404.1520(g)).

(Tr. 19-20.)

In summary, the ALJ concluded that Plaintiff was not entitled to a period of disability or disability insurance benefits under the Social Security Act. (Tr. 20.)

On appeal, Plaintiff argues that the ALJ's nondisability finding is not supported by substantial evidence. He alleges numerous errors by the ALJ including: (1) failing to follow the "slight abnormality" standard in finding that his degenerative disc disease was not severe; (2) not considering the effect of his degenerative disc disease on his ability to work; (3) finding that he is capable of walking or standing six hours each in an eight-hour day; (4) finding that he can perform sustained work activities; (5) not according adequate weight to the opinion of the treating physician and not providing reasons for his rejection of the treating physician's RFC; (6) failing to evaluate the opinion of the treating physician under the factors listed in 20 C.F.R. § 404.1527(d); (7) failing to consider the side effects from medication on his ability to work; and (8) finding that his allegations of disability were not credible. (*See* Doc. 4.)

II.

The Court's inquiry on appeal is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). In performing this review, the Court considers the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, *see Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983) (*per curiam*), even if substantial evidence also exists in the record upon which the ALJ could have found the plaintiff disabled, *see Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*). As the Sixth Circuit has explained:

> The Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts. If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm.

*Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994).

A.

In his first and second allegations of error, Plaintiff contends that the ALJ failed to follow the "slight abnormality" standard in finding that his degenerative disc disease was not severe, and that he failed to consider the effect of his degenerative disc disease on his ability to work.

The second step of the sequential inquiry used to establish whether a claimant is "disabled" is to determine whether the alleged impairment is severe. *See* 20 C.F.R. § 404.1520. The Sixth Circuit has held that an impairment can be considered as not severe, and the application rejected at the second step, only if the impairment is a "slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education and work experience." *Farris v. Secretary of Health & Human Servs.*, 773 F.2d 85, 89-90 (6th Cir. 1985). The Sixth Circuit has also held, however, that the failure to find that an impairment is severe is harmless error where other impairments are deemed severe. *See Mariarz v. Secretary of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987).

Because the ALJ found that Plaintiff's bowel problems and adjustment disorder with depressed and anxious mood were severe impairments, the alleged error in applying the "slight abnormality" standard to the degenerative disc disease impairment is harmless.

Plaintiff's allegation that the ALJ did not consider the effect of his degenerative disc disease on his ability to work is not supported by the record. The ALJ noted that even though Plaintiff was diagnosed with cervical degenerative disc disease, later studies were normal and there was no evidence of spinal stenosis. (*See* Tr. 16.) As noted by the ALJ, a cervical spine MRI scan in October 2000 revealed only minimal degenerative disc disease and no evidence of focal neural encroachment or spinal canal stenosis. (Tr. 16, 122.) The ALJ also noted a July 2001 report citing "normal" EMG/NCV studies of the right upper limb and right cervical paraspinal muscles. (*See* Tr.

16, 256.) Mild findings do not support a claim of disability. *See Blacha v. Secretary of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990) (*per curiam*).

Thus, the ALJ's findings with respect to degenerative disc disease are supported by substantial evidence and should be affirmed.

B.

In the next four allegations of error, Plaintiff challenges the ALJ's findings with respect to his residual functional capacity, or RFC. He argues that the ALJ erred by finding that he is capable of walking or standing six hours each in an eight-hour day; by finding that he can perform sustained work activities; by rejecting the RFC submitted by his treating physician; and by failing to evaluate the opinion of his treating physician under the factors listed in 20 C.F.R. § 404.1527(d).[2]

Dr. Bullard, Plaintiff's treating physician, submitted an RFC stating, in part, that Plaintiff could lift zero pounds; that he could stand and sit a total of only one-half hour

---

[2] Section 404.1527(d) provides in pertinent part as follows:

> When we do not give the treating source's opinion controlling weight, we apply the factors listed in paragraphs (d)(2)(i) and (d)(2)(ii) of this section, as well as the factors in paragraphs (d)(3) through (d)(6) of this section in determining the weight to give the opinion. We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion.

20 C.F.R. § 404.1527(d)(2). The relevant factors are: length of the treatment relationship and the frequency of examination; nature and extent of the treatment relationship; supportability; consistency; specialization; and other factors which tend to support or contradict the opinion. *See id.*

during a workday; that he should never climb, stoop, or crawl, and only occasionally balance, crouch or kneel; and that, due to his medications, he should not operate machinery or drive. (*See* Tr. 293-95.) Dr. Bullard further opined that Plaintiff should not be exposed to certain environmental hazards: heights, moving machinery, chemicals, temperature extremes, noise, fumes, humidity, and vibration. (Tr. at 295.)

In contrast, the ALJ found that Plaintiff could lift 30 pounds occasionally, and could stand and sit six hours per workday. (Tr. 18.) The ALJ added the following restrictions, referencing the record support for his findings:

> Due to difficulties in maintaining attention and concentration for extended periods, the job must be routine and repetitive (Exhibit 10F) [Tr. 197-200]. He cannot work directly with the public (Testimony) [*see* Tr. 322]. The job must inherently be not highly stressful (Exhibit 10F). He has a low grade reading level, so avoid jobs needing higher level of these skills (Testimony) [*see* Tr. 320, 322]. Keep him away from unprotected heights, dangerous moving machinery, automotive equipment, ladders, open water, and open flame (Exhibit 14F) [Tr. 226-234]. . . . He needs occasional prompt short runs to the bathroom (Testimony) [*see* Tr. 328].

Tr. 18.

The ALJ rejected Dr. Bullard's RFC on the ground that it was not supported by objective medical findings and was contrary to Plaintiff's own testimony. (Tr. 16-17.)

In support of his assertion that Plaintiff could not lift or carry any weight, Dr. Bullard referred to Plaintiff's medical history of a heart attack (suffered in December 2001) and cervical disc disease. (Tr. 293.) In support of his assertion that Plaintiff could not walk or stand, he stated that he suffered shortness of breath and again referred to the history of cervical disc disease. (Tr. 293-94.)

As previously noted, however, medical evidence in the record showed only minimal evidence of cervical disc disease and no evidence of focal neural encroachment or spinal canal stenosis. (*See* Tr. 16, 122.) The ALJ also noted that Plaintiff's treating cardiologist reported good results from surgery and no further problems. (Tr. 16, 203, 242-43). A cardiology examination in October 2002 resulted in findings of "normal." (*See* 17, 246-47.) Although Plaintiff had a history of hypertension, medical evidence showed that his condition was well controlled by medication. (*See* Tr. 17, 280-81.) Dr. Bullard's opinion was also inconsistent with medical evidence that Plaintiff did not experience shortness of breath or exertional difficulties. (*See* Tr. 14, 15, 203, 281.)

Moreover, Plaintiff testified that he could lift a light bag of groceries or a gallon of milk (Tr. 323), and later stated that he could in fact lift 30 pounds (Tr. 333). Plaintiff also testified that he could sit a lot (Tr. 323) and that he had no trouble standing and walking for long periods of time (Tr. 333).

It is well-established that an ALJ must give the opinion of a treating source controlling weight if he finds that the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] case record." *Wilson v. Commissioner of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (quoting 20 C.F.R. § 404.1527(d)(2)). Deference is due, however, only when the physician supplies sufficient medical data to substantiate his diagnosis and opinion. *Giddings v. Richardson*, 480 F.2d 652, 656 (6th Cir. 1976). The ultimate determination of whether a claimant is "disabled" rests with the Commissioner,

and not with the treating physician.  *See* Soc. Sec. Ruling 96-5p; *Varley v. Secretary of Health & Human Servs.,* 820 F.2d 777, 780 (6th Cir. 1987).

When the treating physician's opinion does not deserve controlling weight, the ALJ must consider "certain factors  –  namely, the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source  –  in determining what weight to give the opinion." *Wilson*, 378 F.3d at 544 (citing Soc. Sec. Rul. 96-2p).

The ALJ's failure to follow this procedural requirement may qualify as harmless error.  *See Heston v. Commissioner of Soc. Sec.*, 245 F.3d 528, 535-36 (6th Cir. 2001). The error may be harmless if  the ALJ provided "specific reasons for the weight given to a treating source's medical opinion, supported by the evidence in the case record, and [was] sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight."  *Wilson*, 378 F.3d at 544.  *Cf. Hickey-Haynes v. Barnhart*, 116 Fed. Appx. 718, 725 (6th Cir 2004) (holding that where the ALJ's reasoning behind her use of each physician's opinion was clear, failure to technically meet the procedural requirement to give "good reasons" was harmless error) (citing *Wilson*, 378 F.3d at 548)).

Contrary to Plaintiff's argument, the ALJ provided adequate reasons for rejecting Dr. Bullard's RFC.  His decision was sufficiently clear that his failure to refer to the § 404.1527(d) factors was harmless.

The ALJ's findings with respect to Plaintiff's RFC are supported by substantial evidence and should be affirmed.

C.

In his next allegation of error, Plaintiff states that the ALJ erred by failing to consider the side effects from his medications on his ability to work. The allegation is not supported by the record.

Plaintiff testified that the effects of his medications cause him to tremble and to become dizzy. (*See* Tr. 317-18.) He further stated that it makes him red in the face, gives him a dry mouth, and sometimes just "knocks [him] out." (*Id.*) He also alleged that due to his medication he does not drive. (Tr. 333.)

The ALJ noted medical evidence that certain medications caused Plaintiff to experience tremors and sexual difficulties (*see* Tr. 243), and the absence of medical support for other medication side effects. (Tr. 16.) Although the ALJ found that the hand tremors were not a severe impairment, he asked the vocational expert if there were jobs that Plaintiff could perform that would accommodate bad tremors. (Tr. 18, 341.) She identified 39,500 sedentary and 294,000 light unskilled bench inspector jobs that he could perform. (Tr. 340-41.) Additionally, the ALJ included in his RFC a restriction on exposure to moving machinery, automotive equipment. (Tr. 18.)

Contrary to Plaintiff's assertions, the ALJ did not fail to consider the side effects of his medication.

D.

Finally, Plaintiff argues that the ALJ erred by finding that his subjective allegations of disability were not credible.

It is well established that the ALJ is not required to accept a claimant's subjective complaints and may properly consider the credibility of a claimant when making a determination of disability. *Jones v. Commissioner of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003) (citing *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997); *Kirk v. Secretary of Health & Human Servs.*, 667 F.2d 524, 538 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983)).

According to the Social Security regulations, when a claimant contends that he is impaired by subjective pain, the Commissioner must consider several factors, including the intensity and persistence of a claimant's symptoms, objective medical evidence, and the claimant's daily activities. *See* 20 C.F.R. § 404.1529(c)(1).

A review of the record reveals that the ALJ considered the appropriate factors. For example, he questioned Plaintiff about the intensity and persistence of his pain (Tr. 326-30), reviewed the objective medical evidence (*see* Tr. 14-18), and considered Plaintiff's daily activities, including evidence that he occasionally walks and visits with neighbors, cares for his dogs, and is capable of some basic household chores (Tr. 17).

The ALJ properly considered the factors required by the Social Security regulations and rulings and did not err by rejecting the complaints of pain and other subjective symptoms.

III.

In conclusion, the ALJ's findings are supported by substantial evidence, and they are within his "zone of choice."  *See Felisky*, 35 F.3d at 1035.

**IT IS THEREFORE RECOMMENDED THAT**:

The decision of the Commissioner, that Plaintiff was not entitled to a period of disability and disability income benefits, be found **SUPPORTED BY SUBSTANTIAL EVIDENCE** and **AFFIRMED**; and, as no further matters remain pending for the Court's review, this case be **CLOSED.**


Date:   3/17/08                    s/Timothy S. Black
                                   Timothy S. Black
                                   United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| TERRY A. GUINN, | : | Case No. 1:06-cv-757 |
| | : | |
| Plaintiff, | : | Spiegel, J. |
| vs. | : | Black, M.J. |
| | : | |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **TEN (10) DAYS** after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to **THIRTEEN (13) DAYS** (excluding intervening Saturdays, Sundays, and legal holidays) when this Report is being served by mail and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  A party may respond to another party's objections within **TEN (10) DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters,* 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).