```
            UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF OHIO
                  WESTERN DIVISION
```

TERRY A. GUINN,                 :
                                :
        Plaintiff,              :    NO. 1:06-CV-00757
                                :
    v.                          :
                                :    **OPINION AND ORDER**
COMMISSIONER OF                 :
SOCIAL SECURITY,                :
                                :
        Defendant.              :

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 7), to which no objections were filed.

**I. Background**

On November 6, 2006, Plaintiff filed his Complaint in this matter, challenging the Commissioner's denial of his application for disability insurance benefits, which was based on a combination of physical and mental impairments (doc. 1). The Administrative Law Judge ("ALJ") concluded after a hearing on March 10, 2004, that Plaintiff did not qualify as disabled, and therefore did not qualify for a period of disability or disability benefits under the Social Security Act (doc. 7). Among his findings, the ALJ found the Claimant's allegations regarding his limitations not fully credible, that he has a residual functional capacity for a full range of work with specified limitations, and that his limitations do not prevent Claimant from adjusting to work that exists in significant numbers in the economy (Id.). On appeal,

Plaintiff argues the ALJ's nondisability finding is unsupported by substantial evidence, and cites to numerous alleged errors the ALJ made in arriving at such finding (Id.). Among those alleged errors, Plaintiff argues the ALJ failed to follow the "slight abnormality standard" in evaluating his degenerative disc disease, failed to consider the effect of such disease on his ability to work, erred in finding he was capable of walking or standing for six hours and that he can perform sustained work activities, accorded inadequate weight to the opinion of the treating physician, failed to consider the side effects of his medication, and failed in finding his allegations of disability not credible (Id.).

**II.  The Magistrate Judge's Report and Recommendation (doc. 7)**

The Magistrate Judge noted that standard of review applicable to the ALJ's non-disability finding is to determine, after considering the whole record, whether such finding is supported by substantial evidence, that is, evidence that a reasonable mind might accept as adequate to support a conclusion (doc. 7, citing Richardson v. Perales, 402 U.S. 389, 401 (1971)). The Magistrate Judge then proceeded to review each of Plaintiff's allegations of error, finding the alleged error in applying the "slight abnormality" standard harmless, and finding the ALJ did consider the effect of Plaintiff's disc disease and evidence pertaining thereto (Id.). The Magistrate Judge found the ALJ's

conclusions regarding Plaintiff's degenerative disc disease, therefore, supported by substantial evidence (Id.).

The Magistrate Judge proceeded to review Plaintiff's next four allegations of error, which pertain to Plaintiff's residual functional capacity ("RFC") (Id.). Citing Wilson v. Commissioner of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004)(quoting 20 C.F.R. § 404.1527(d)(2)), the Magistrate Judge noted that where the opinion of a treating physician is not well-supported, and is inconsistent with other substantial evidence, the ALJ is not required to give such opinion controlling weight. In this instance, the Magistrate Judge found, the ALJ did not err in rejecting the RFC finding of Plaintiff's treating physician, Dr. Bullard, based on Plaintiff's own testimony about his capacity to lift, to stand, and to walk, as well as other substantial evidence in the record showing only minimal evidence of cervical disc disease, and normal cardiology findings (Id.). Moreover, the Magistrate Judge found harmless error in the ALJ's failure to refer to the factors listed in 20 C.F.R. § 404.1527(d) in evaluating the opinion of the treating physician, because the ALJ provided adequate reasons for rejecting Dr. Bullard's RFC (Id.).

The Magistrate Judge further found unsupported by the record Plaintiff's allegation that the ALJ failed to consider the side effects of medication on his ability to work (Id.). The ALJ heard testimony about alleged side effects, and asked the

3

vocational expert about jobs that would accommodate bad tremors (Id.). In addition, the ALJ included in his restriction of RFC a restriction on exposure to moving machinery and automotive equipment (Id.). The Magistrate Judge concluded the ALJ did indeed take into consideration the side effects of Plaintiff's medication (Id.). Finally, as for the ALJ's subjective findings regarding Plaintiff's credibility, the Magistrate Judge found the ALJ considered the appropriate factors as enumerated in 20 C.F.R. § 404.1529(c)(1), including the intensity and persistence of the symptoms, objective medical evidence, and Plaintiff's daily activities (Id.).

Having reviewed the record, and each of Plaintiff's allegations of error, the Magistrate Judge found the ALJ's decision supported by substantial evidence, and his findings within his "zone of choice" (Id. citing Felisky v. Bowen, 35 F.3d 1027, 1035 (6th Cir. 1994)). The Magistrate Judge therefore recommended that the Court find the decision of the Commissioner supported by substantial evidence, that the Court affirm such decision, and this case be closed (Id.).

**III. Discussion**

The Court's "review is limited to determining whether there is substantial evidence in the record to support the findings." Duncan v. Secretary of Health & Human Servs., 801 F.2d 847, 851 (6th Cir. 1986). Having reviewed and considered this

matter de novo, and noting that Plaintiff filed no objections, the Court finds the Magistrate Judge's Report and Recommendation thorough and well reasoned. The Court therefore adopts and affirms in all respects the opinions expressed in the Report and Recommendation, (doc. 7).

Despite Plaintiff's contentions to the contrary, the Court finds the ALJ's analysis and discussion of Plaintiff's physical and mental limitations supported by substantial evidence. Moreover, the ALJ's opinion concerning the credibility of a plaintiff is due great deference by a reviewing court. See Felisky v. Bowen, 35 F.3d 1027, 1036 (6th Cir. 1994). Here, the Commissioner's decision is supported by substantial evidence, falls within his "zone of choice," and therefore must be affirmed. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986), Kirk v. Secretary of Health and Human Servs., 667 F.2d 524, 535 (6th Cir. 1981).

**IV. Conclusion**

In summary, the Court finds the ALJ's decision to deny Plaintiff benefits supported by substantial evidence in the record, and as such, such decision falls within the zone of discretion within which the Commissioner may proceed without judicial interference. Mullen, 800 F.2d at 545. Subsequent to de novo review of this matter, pursuant to Title 28 U.S.C. § 636, the Court finds the Magistrate Judge's Report and Recommendation thorough,

well-reasoned, and correct.  Therefore, the Court ADOPTS the Magistrate Judge's Report and Recommendation (doc. 7), AFFIRMS the Magistrate Judge's Recommendation (Id.), ENTERS judgment in favor of the Defendant Commissioner, and DISMISSES this case from the docket of the Court.


       SO ORDERED.


Date: April 11, 2008   /S/ S. Arthur Spiegel
                        S. Arthur Spiegel
                        United States Senior District Judge